J-S41031-16

2016 PA Super 106

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAMUEL T. ROSS, | |
| Appellant | No. 2715 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003055-1996

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                              **FILED MAY 23, 2016**

Appellant Samuel T. Ross appeals *pro se* from the order entered in the Court of Common Pleas of Montgomery County dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  The PCRA court dismissed the petition without a hearing on the basis it was untimely filed.  We affirm.

On January 21, 1997, Appellant entered an open guilty plea to, *inter alia*, third-degree murder,[1] and on May 19, 1997, he was sentenced to a term of 30 to 60 years in prison.  Appellant filed a timely direct appeal, and this Court affirmed his judgment of sentence on January 20, 1998. ***Commonwealth v. Ross***, No. 02823 PHL 97 (Pa.Super. filed 1/20/98)

_____

[1] 18 Pa.C.S.A. § 2502(c).


*Former Justice specially assigned to the Superior Court.

(unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Appellant filed a timely, first PCRA petition, which was denied without a hearing on February 17, 1999. Thereafter, he filed numerous PCRA petitions, all of which have been dismissed as untimely. On November 5, 2013, Appellant filed the instant PCRA petition,[2] and thereafter, he filed several supplemental petitions. The PCRA court provided notice of its intent to dismiss the petition without a hearing, and by order entered on August 17, 2015, the PCRA court dismissed the petition on the basis it was untimely filed. This timely appeal followed.

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

---

[2] Although Appellant's *pro se* PCRA petition was docketed on November 8, 2013, the prison envelope in which Appellant's petition was mailed bears a time stamp of November 5, 2013. Accordingly, pursuant to the prisoner mailbox rule, we deem Appellant's instant PCRA petition to have been filed on November 5, 2013. *See Commonwealth v. Patterson*, 931 A.2d 710 (Pa.Super. 2007) (discussing the prisoner mailbox rule).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline. Our Supreme Court has held that any petition invoking an exception must show due diligence insofar as the petition must be filed within 60 days of the date the claim could have first been presented. ***Commonwealth v. Edmiston***, 619 Pa. 549, 65 A.3d 339 (2013).

Here, Appellant's sentence became final on February 19, 1998, when the time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court expired. ***See*** Pa.R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court[.]"). Therefore, he had until February 19, 1999, to file a timely PCRA petition. The instant petition was not filed until November 5, 2013, and therefore, the petition is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant asserts that he qualifies for a timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(iii), based on a newly-recognized constitutional right that should be applied retroactively to his case on collateral review. Specifically, Appellant points

to the United States Supreme Court's recent ruling in *Peugh v. United States*, ___ U.S. ___, 133 S.Ct. 2072, 186 L.Ed.2d 84 (2013).

In *Peugh*, the U.S. Supreme Court recognized that the Ex Post Facto Clause is violated when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher sentencing range than the version in place at the time of the offense. However, assuming, *arguendo*, Appellant was sentenced under circumstances encompassed in *Peugh*, we conclude Appellant has not otherwise met the newly-recognized constitutional right exception.[3]

In considering whether Appellant has advanced a valid claim asserting a newly-recognized constitutional right, as that phrase is used in Section 9545(b)(1)(iii), our Supreme Court has noted:

> Subsection (iii) of Section 9545 [(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by

---

[3] With regard to the sixty day due diligence requirement, we note that *Peugh* was filed on June 10, 2013, but Appellant did not file his instant PCRA petition until November 5, 2013. However, our Supreme Court did not deny Appellant's petition for allowance of appeal with regard to his tenth PCRA petition until September 18, 2013, and subsequently, Appellant filed the instant PCRA petition within 60 days. Thus, we conclude he met the sixty day due diligence requirement for invoking a timeliness exception at the first available opportunity. *See Commonwealth v. Lark*, 560 Pa. 487, 493-94, 746 A.2d 585, 588 (2000).

> that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Copenhefer***, 596 Pa. 104, 109–10, 941 A.2d 646, 649–50 (2007) (quotation omitted). Thus, to satisfy the time bar, Appellant must establish both that ***Peugh*** recognized a new constitutional right and that it applies retroactively. ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011).

We dispose of the instant matter by noting that the U.S. Supreme Court espoused its holding in ***Peugh*** on direct appeal and has not indicated it is to apply retroactively to cases on collateral review wherein the judgment of sentence has already become final. Moreover, to the extent Appellant argues that ***Peugh*** applies retroactively under the framework set forth by the U.S. Supreme Court in ***Teague v. Lane***, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), which was subsequently adopted by a majority of our Supreme Court in ***Commonwealth v. Lesko***, 609 Pa. 128, 15 A.3d 345 (2011), and to which this Court generally looks in determining retroactivity of new federal constitutional rulings, we disagree.

This Court recently acknowledged that "[t]he seminal test in determining whether a constitutional rule warrants retroactive application

during collateral review was delineated in **Teague**[.]" **Commonwealth v. Riggle**, 119 A.3d 1058, 1065 (Pa.Super. 2015) (citations omitted).

> "Under the **Teague** framework, an old rule applies both on direct and collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding."

**Riggle**, 119 A.3d at 1065 (quoting **Whorton v. Bockting**, 549 U.S. 406, 416 (2007)).

As noted, the United States Supreme Court has utilized a substantive and procedural rule dichotomy in analyzing retroactivity. **See Teague**, **supra**. "Substantive rules are those that decriminalize conduct or prohibit punishment against a class of persons. Concomitantly, the Supreme Court has made clear that 'rules that regulate only the manner of determining the defendant's culpability are procedural.'" **Riggle**, 119 A.3d at 1066 (quoting **Schriro v. Summerlin**, 542 U.S. 348, 353, 124 S.Ct. 2519 (2002) (citation omitted)).

With regard to the first prong of the **Teague** framework, the federal high Court in **Peugh**, 133 S.Ct. at 2083, indicated that "failing to calculate the correct Guideline range constitutes procedural error," thus the implication is that the rule announced in **Peugh** will not be applied retroactively. Moreover, the rule announced in **Peugh** did not decriminalize conduct or prohibit punishment against a class of persons. **Riggle**, 119 A.3d

at 1066. Accordingly, under the *Teague* framework, the rule announced in *Peugh* is not a substantive one to be applied retroactively in collateral proceedings.

With regard to the second prong of the *Teague* framework, watershed rules of criminal procedure are those that "'alter our understanding of the bedrock procedural elements'" of the adjudicatory process. *Teague*, 489 U.S. at 311, 109 S.Ct. at 1060. A watershed rule "must be one 'without which the likelihood of an accurate conviction is *seriously* diminished.'" *Schriro*, 542 U.S. at 352, 124 S.Ct. 2519 (quotation omitted) (emphasis in original). This "class of rules is extremely narrow[.]" *Id.*

We conclude *Peugh* did not establish a watershed rule of criminal procedure because it simply changed the discretion afforded to judges in determining which Guidelines to apply at sentencing. Accordingly, *Peugh* did not set forth a watershed rule of criminal procedure such that it would apply retroactively under *Teague*.

In sum, the rule announced in *Peugh* does not constitute a newly-recognized constitutional right, as that phrase is used in Section

9545(b)(1)(iii). Accordingly, the dismissal of Appellant's instant PCRA petition was proper, as it was untimely.[4]

Affirmed.

Judge Dubow joins the Opinion.

PJE Bender files a Concurring Opinion.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016

_____

[4] Appellant alleges that appellate counsel was ineffective in failing to file a petition for allowance of appeal on direct appeal. However, as our Supreme Court has held, "[a] claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).