J-S41031-16

2016 PA Super 106

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAMUEL T. ROSS, | |
| Appellant | No. 2715 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003055-1996

BEFORE:  BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

CONCURRING OPINION BY BENDER, P.J.E.:          **FILED MAY 23, 2016**

I respectfully concur in the result reached by the Majority.  However, I write separately to note that I do not believe the Majority's analysis under **Teague v. Lane**, 489 U.S. 288 (1989), is appropriate in this context. Appellant's petition is clearly untimely, and he is attempting to prove the applicability of the exception set forth in 42 Pa.C.S. § 9545(b)(1)(iii).  As this Court has declared,

> Section 9545(b)(1)(iii) states, in relevant part: "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that [...] the right asserted is a constitutional right that **was recognized** by the **Supreme Court of the United States** or the **Supreme Court of Pennsylvania** after the time period provided in this section [...]." 42 Pa.C.S.A. § 9545(b)(1)(iii) (emphasis added). Thus, in order to fit under this exception to

_____

[*] Former Justice specially assigned to the Superior Court.

> the PCRA's time bar, a PCRA petitioner must assert relief based on a constitutional right that **has been affirmatively recognized by either the United States Supreme Court or the Supreme Court of Pennsylvania**. [*Commonwealth v.*] *Abdul–Salaam*, 571 Pa. [219,] [] 226, 812 A.2d [497,] [] 501 [(Pa. 2002)] (holding that for relief pursuant to § 9545(b)(1)(iii), the right asserted by the petitioner must be a constitutional right acknowledged by the Supreme Court of the United States [or] the Pennsylvania Supreme Court); *see also Commonwealth v. Copenhefer*, 596 Pa. 104, 110, 941 A.2d 646, 649 (2007).

*Commonwealth v. Chambers*, 35 A.3d 34, 43 (Pa. Super. 2011) (emphasis added by *Chambers* omitted; other emphasis added).

Here, the United States Supreme Court did not hold in *Peugh v. United States*, ___ U.S. ___, 133 S.Ct. 2072 (2013), that its decision applies retroactively, and the Court has not rendered any such holding since *Peugh*. Additionally, the Pennsylvania Supreme Court has not held that *Peugh* applies retroactively. Accordingly, Appellant cannot satisfy the plain language of section 9545(b)(1)(iii), and I would affirm the post-conviction court's denial of his petition on that basis alone. Because I do not believe the Majority's analysis under *Teague* is necessary, I respectfully concur.