J-S64016-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN EUGENE TAYLOR, JR., | |
| Appellant | No. 931 MDA 2017 |

Appeal from the PCRA Order May 19, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001344-2014

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 20, 2017**

Appellant, Calvin Eugene Taylor, Jr., appeals from the order entered on May 19, 2017, in the Franklin County Court of Common Pleas that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant facts and procedural history of this case as follows:

> On or about July 8, 2014, Appellant was arrested and charged with one (1) count of Involuntary Deviate Sexual Intercourse[1], three (3) counts of Aggravated Indecent Assault[2], one (1) count of Sexual Assault[3], and one (1) count of Corruption of Minors[4]. On July 15, through his counsel, Appellant waived his preliminary hearing and the charges were bound over to this Court for final disposition. On August 27, 2014, Appellant

_____

[*]  Former Justice specially assigned to the Superior Court.

pled guilty to one (1) count of Aggravated Indecent Assault in full satisfaction of the charges. On December 3, 2014, [the trial court] sentenced Appellant to a period of incarceration of not less than sixty (60) nor more than 120 months in a State Correctional Institution ("SCI") with credit for time served. No direct appeal was taken. On August 5, 2016, Appellant, proceeding *pro se*, filed a Petition for Relief under the Post-Conviction Collateral Relief Act ("PCRA"). On August 5, 2016, [the PCRA court] appointed [counsel] to represent Appellant. [The PCRA court] granted multiple extensions of time for Appellant to file an amended PCRA Petition. On March 6, 2017, Appellant filed an Amended PCRA Petition, in which he sought relief pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). On April 5, 2017, the Commonwealth filed an Answer to [Appellant's] Amended Petition for Post-Conviction Relief. A PCRA Hearing was held … on May 1, 2017, where [the PCRA court] heard testimony from [Appellant and Appellant's] trial counsel ….

 [1]18 Pa.C.S. § 3123(b).

 [2] 18 Pa.C.S. §§ 3125 (a)(1), (a)(7), and (b).

 [3] 18 Pa.C.S. § 3124.1.

 [4] 18 Pa.C.S. § 6301(a)(1)(ii).

 On May 18, 2017, [the PCRA court] issued an Opinion and Order denying Appellant's requested relief and dismissing his Amended PCRA Petition. Appellant filed a timely Notice of Appeal on June 7, 2017. On June 7, 2017, [the PCRA court] ordered the Appellant [to] file a Concise Statement of Matters Complained of on Appeal. Appellant filed his Concise Statement on June 26, 2017. …

PCRA Court Pa.R.A.P. 1925(a) Opinion, 7/5/17, at 2-3.[1]

---

[1] As a point of clarification, we note that the PCRA court filed two opinions in this matter. The July 5, 2017 opinion, filed in response to Appellant's Pa.R.A.P. 1925(b) statement, incorporated by reference the PCRA court's May 18, 2017 opinion and order.

On appeal, Appellant raises the following issues for this Court's consideration:

1. Did the Trial Court err in dismissing [Appellant's] Amended PCRA Petition by concluding that the PCRA Petition is facially untimely because [Appellant] is able to satisfy an exception to the one (1) year time requirement?

2. Did the Trial Court err by denying Appellant's Amended PCRA Petition when the Trial Court concluded that the plea negotiations were not tainted by the now unconstitutional mandatory minimum?

Appellant's Brief at 4 (emphases omitted). As these issues are interrelated, we shall address them together.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

The time-for-filing requirements of the PCRA are mandatory and jurisdictional in nature, and the court may not ignore them in order to reach

the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013). For purposes of the PCRA, a judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the

_____

[2] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that Appellant's judgment of sentence became final on January 2, 2015, thirty days after the trial court imposed sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely under the PCRA, Appellant was required to file his PCRA petition on or before January 4, 2016.[3] Appellant did not file his PCRA petition until August 5, 2016. Accordingly, Appellant's PCRA petition is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

---

[3] We note that Appellant had one year from January 2, 2015, in which to file his PCRA petition. However, January 2, 2016, fell on a Saturday. Thus, Appellant had until Monday, January 4, 2016, in which to file a timely PCRA petition. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). Pa.R.A.P. 107; Pa.R.A.P. 903, note.

In his brief, Appellant cites to **Alleyne v. United States**, 133 U.S. 2151 (2013). Appellant's Brief at 16. In **Alleyne**, the United States Supreme Court held that any fact that increases a mandatory minimum sentence must be proven beyond a reasonable doubt as an element of the offense, and it must be submitted to the jury. **Alleyne**, 133 S.Ct. at 2155; **see, e.g., Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (applying **Alleyne** and affirming the unconstitutionality of 18 Pa.C.S. § 6317, which imposed a mandatory minimum sentence for crimes involving the sale of controlled substances near school zones). However, **Alleyne** was decided well before Appellant was sentenced; thus, it is **not** a newly recognized constitutional right that would satisfy the exception enumerated in 42 Pa.C.S. § 9545(b)(1)(iii).

Nevertheless, Appellant argues that his sentence was increased and tainted by the mention of a mandatory minimum during plea negotiations. Appellant's Brief at 16. Appellant argues that **Commonwealth v. Carey**, No. CP-28-CR-0001082-2013 (Ct.Com.Pl. Carbon County, entered January 17, 2017), renders Appellant's sentence unconstitutional, and he argues that **Carey**, not **Alleyne**, should be "given retroactive effect" in his case. Appellant's Brief at 12. Appellant also cites to **Commonwealth v. Ross**, 140 A.3d 55 (Pa. Super. 2016), wherein this Court stated the following in regard to retroactive application of a new rule of law:

> Under the **Teague** [**v. Lane**, 489 U.S. 288 (1989),] framework, an old rule applies both on direct and

> collateral review, but a new rule is generally applicable only to cases that are still on direct review. A new rule applies retroactively in a collateral proceeding only if (1) the rule is substantive or (2) the rule is a 'watershed rule of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding.

***Ross***, 140 A.3d at 59.

Appellant's Brief at 10. We surmise that Appellant cited to this passage from ***Ross*** in an effort to prompt this Court to apply ***Carey*** retroactively.

Simply stated, ***Carey*** is of no moment. This Court is not bound by decisions of the courts of common pleas. ***Commonwealth v. Anderson***, 40 A.3d 1245, 1249 n.5 (Pa. Super. 2012). For purposes of our analysis, ***Carey*** creates no exception to the PCRA time bar, and Appellant's PCRA petition remains untimely. Because Appellant's PCRA petition was untimely, the PCRA court was without jurisdiction to address the merits of Appellant's claims, and it properly denied the PCRA petition. PCRA Court Opinion, 5/18/17, at 8. Accordingly, we affirm the PCRA court's order.

Assuming, *arguendo*, that we were to conclude that ***Carey*** was precedential, announced a new constitutional right, and was to be applied retroactively, ***Carey*** is readily distinguishable.[4] In ***Carey***, the Franklin

---

[4] Appellant avers that ***Carey*** was appealed to this Court, and that it could possibly reach the Supreme Court of Pennsylvania and result in a favorable decision for the defendant therein. Appellant's Brief at 12. However, the appeal in ***Carey***, docketed at 267 MDA 2017, was dismissed on July 31, 2017, for failure to file a brief.

County Court of Common Pleas concluded that plea negotiations were impacted by discussions among the defendant, his attorney, and the prosecutor regarding application of an unconstitutional mandatory minimum. *Carey*, CP-28-CR-0001082-2013, at 9. Therein, the trial court noted that the guideline sentencing forms contained the mandatory minimum, a letter from defense counsel to the defendant discussed the mandatory minimum, and neither the prosecutor nor defense counsel disputed the role the mandatory minimum payed in plea negotiations. *Id*. at 9-10.

In the case at bar, however, the Commonwealth did not file a notice of intent to pursue the mandatory minimum, and the guideline sentencing forms contained only the standard-range sentence without reference to the application of a mandatory sentence. While the words "mandatory minimum" were discussed at the hearing on Appellant's PCRA petition, N.T., 5/1/17, at 6-15, plea counsel equivocated concerning whether the word "mandatory" had any impact on plea negotiations; moreover, plea counsel testified that a "mandatory minimum" was not part of Appellant's guilty plea colloquy. *Id*. at 16. Ultimately, in its review of the record, the PCRA court concluded that a mandatory minimum sentence had no impact on the plea negotiations. PCRA Court Opinion, 5/18/17, at 10. The PCRA court explained:

> [Appellant] has failed to present similar evidence [to that presented in *Carey*] which would provide this Court with an indication that the mandatory minimum had any bearing on the plea negotiations. Moreover, this Court's own review of the

- 8 -

instant record suggests that unlike the cases noted by [Appellant], the mandatory minimum was not suggestive or determinative in negotiation of [Appellant's] sentence. Here, as noted by the Commonwealth, no formal Notice of Intent to pursue a mandatory minimum sentence was given by the Commonwealth to [Appellant]. The Guideline Sentence Form indicates a standard range of 48 to 66 months, with no mandatory minimum indicated. The written plea colloquy prepared by [plea counsel] does not indicate any mandatory minimum penalties for any of the offenses charged. Moreover, the written plea agreement bears no reference to the sentence being a mandatory minimum.

At the time of the PCRA Hearing, neither party had requested the transcription of the sentencing hearing. Since then, and at this Court's request, the sentencing transcript has been prepared. We note that at the outset of the sentencing hearing, the Commonwealth referenced a mandatory minimum sentence. However, we do not feel that the instant plea and subsequent sentence was induced because of the mandatory minimum. Looking at the entirety of the record, the issue of a mandatory minimum was not mentioned until this one point at sentencing. Further, even when the issue of mandatory minimum arose at sentencing, there was confusion regarding whether it applied:

> Court: The crime, I note, carries a gravity score of 12. With no prior-record score, the standard range is 48 to 66. So the agreed–up[on] sentence is clearly within the standard range.
>
> Commonwealth: That's correct. It does carry with it a mandatory minimum sentence, Your Honor. I'll just take a look at that. Five to ten years.

(T.P. Sentencing Hearing, December 3, 2014, at 2). Given that this is the only reference to a mandatory minimum in the entire record, and also given that this reference takes place after the parties apparently brokered an agreed upon plea, the instant case is easily distinguished from *Carey*, where the mandatory minimum was clearly a factor throughout … plea negotiations. Therefore, this Court is not persuaded that the mandatory minimum provided by 42 Pa.C.S. § 9718 influenced or tainted [Appellant's] plea negotiations.

> Consequently, an analysis of applicable case authority in tandem with a review of the instant record reveals that the unconstitutionality of the mandatory minimum provided by 42 Pa.C.S. § 9718 is not relevant to the instant matter, as it did not influence or "taint" [Appellant's] plea negotiations.

PCRA Court Opinion, 5/18/17, at 11-13. Thus, even if we were to conclude that **Carey** applied, we would agree with the PCRA court's conclusion and find that **Carey** is distinguishable.

For the reasons set forth above, we conclude that Appellant's PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court correctly determined that it lacked jurisdiction to address the issues presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in Appellant's PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Accordingly, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/20/2017