J-S59014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE MANUEL, | |
| Appellant | No. 3010 EDA 2016 |

Appeal from the PCRA Order Entered August 12, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0700481-2002

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 07, 2017**

Appellant, Tyrone Manuel, appeals *pro se* from the post-conviction court's August 12, 2016 order denying, as untimely, his second petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The facts of Appellant's underlying convictions are unnecessary to our disposition of his appeal.  The PCRA court summarized the procedural history of his case as follows:

> On October 24, 2002, following a bench trial before this [c]ourt, [Appellant] … was found guilty of robbery (F-1), carrying a firearm without a license (F-3), and carrying a firearm on [a] public street[] in Philadelphia (M-1).[2]  Sentencing was deferred until January 31, 2003, at which time [Appellant] was sentenced to the mandatory term[3] of not less than 25 nor more than 50

---

[*] Former Justice specially assigned to the Superior Court.

years in prison. [Appellant] did not file post-sentence motions, but [he] filed a timely notice of appeal to the Superior Court. On August 20, 2004, the Superior Court affirmed [Appellant's] judgment of sentence.[5]

> [2] 18 Pa.C.S. §§ 3701(a)(1), 6101, and 6108, respectively.
>
> [3] [Appellant] was sentenced pursuant to the three strikes provision in 42 Pa.C.S. § 9714(2).
>
> [5] **Commonwealth v. Manuel**, 860 A.2d 1131 (Pa. Super. 2004).

On August 11, 2005, [Appellant] filed a timely *pro se* … []PCRA[] petition. Counsel was appointed, and on February 15, 2006, [counsel] filed an amended petition. The Commonwealth responded on April 26, 2006. On July 13, 2006, having reviewed the record and filings, this [c]ourt sent [Appellant] notice of its intent to deny and dismiss his PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 (907 Notice). [Appellant's] PCRA petition was dismissed consistent with this [c]ourt's 907 Notice on August 11, 2006. Thereafter, [Appellant] filed a timely notice of appeal to the Superior Court. On August 14, 2007, the Superior Court affirmed the dismissal of [Appellant's] PCRA petition, and on March 25, 2008, our Supreme Court denied [Appellant's] petition for allowance of appeal.[8]

> [8] **Commonwealth v. Manuel**, [935 A.2d 16 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 945 A.2d 168 (Pa. 2008)].

On March 18, 2016, [Appellant] filed an untimely *pro se* PCRA petition, his second. Having determined that [Appellant] failed to satisfy his burden of proof in showing that his claim satisfied any of the timeliness exceptions enumerated in 42 Pa.C.S. § 9545(b)(1), this [c]ourt sent [Appellant] a 907 Notice on June 29, 2016. On August 12, 2016, this [c]ourt dismissed [Appellant's] PCRA petition as untimely, consistent with its 907 Notice. This timely appeal followed.

PCRA Court Opinion (PCO), 3/24/17, at 1-2 (some footnotes omitted).

After Appellant filed his notice of appeal, the PCRA court directed him to file a Pa.R.A.P. 1925(b) statement and he timely complied. The court

then filed a Rule 1925(a) opinion. Herein, Appellant raises one issue for our review: "Did the lower court sentence Appellant to a mandatory minimum sentence absent any jurisdiction to do so, resulting in an illegal sentence?" Appellant's Brief at 6.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2004, and thus, his current petition filed in 2016 is clearly untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant wholly fails to meet this burden, as he does not specifically argue that **any** of the above-stated timeliness exceptions applies to his case. Instead, he avers that the mandatory minimum sentence imposed in his case pursuant to 42 Pa.C.S. § 9714(a)(2) is illegal for several reasons, including this Court's decision in **Commonwealth v. Armstrong**, 74 A.3d 228, 242 (Pa. Super. 2013) (holding that Armstrong could not be sentenced as a 'third-strike' offender under section 9714(a)(2) where he had not yet been convicted or sentenced for his 'first-strike' offense when he was arrested for his 'second-strike' crime). Appellant asserts that his case mirrors **Armstrong** and, thus, because he is serving an illegal sentence, we

- 4 -

have jurisdiction to grant him relief regardless of the untimeliness of his PCRA petition. Appellant's Brief at 14.

Unfortunately for Appellant, we cannot review the merits of his argument, even though it implicates the legality of his sentence. While claims challenging the legality of sentence are subject to review within the PCRA, the petitioner must first satisfy the PCRA's timeliness requirements. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). Here, Appellant's current petition is patently untimely, and he has offered no discussion of which of the above-stated timeliness exceptions he meets.

Moreover, his reliance on our decision in *Armstrong* does not satisfy the timeliness exception of section 9545(b)(1)(iii), as *Armstrong* did not recognize a new constitutional right, and it has not been held to apply retroactively. *See Commonwealth v. Ross*, 140 A.3d 55, 58 (Pa. Super. 2016) (stating that, to demonstrate the applicability of section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively") (citation omitted). Additionally, *Armstrong* was decided in July of 2013, and Appellant did not file his current petition until 2016; thus, he failed to meet the 60-day requirement of section 9545(b)(2).

Consequently, Appellant has failed to prove that any timeliness exception applies to his untimely-filed PCRA petition. Therefore, the PCRA court did not err in dismissing it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/7/2017</u>