J-S32021-20
J-S32022-20
J-S32023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 2375 EDA 2019 |

Appeal from the PCRA Order Entered May 2, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005903-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 2376 EDA 2019 |

Appeal from the PCRA Order Entered May 2, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005904-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE BASS | : | |
| | : | |
| Appellant | : | No. 2813 EDA 2019 |

J-S32021-20
J-S32022-20
J-S32023-20

Appeal from the PCRA Order Entered May 2, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005905-2008

BEFORE:   KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.:                          **FILED AUGUST 14, 2020**

Appellant, Tyree Bass, appeals *pro se* and *nunc pro tunc* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  A jury convicted Appellant of attempted murder, second degree murder, and related offenses.  On April 22, 2010, the court sentenced Appellant to an aggregate term of life imprisonment without parole, plus 35½ to 75 years' imprisonment.  This Court affirmed the judgment of sentence on June 7, 2011, and our Supreme Court denied Appellant's petition for allowance of appeal on November 14, 2011.  **See Commonwealth v. Bass**, 31 A.3d 736 (Pa.Super. 2011), *appeal denied*, 613 Pa. 641, 32 A.3d 1274 (2011).

Appellant timely filed a *pro se* PCRA petition on August 21, 2012, alleging trial counsel was ineffective for failing to object to certain evidence

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

and failing to call witnesses on Appellant's behalf. The PCRA court appointed counsel, who filed a motion to withdraw and a "no-merit" letter on February 11, 2014. On April 14, 2014, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se* response to the Rule 907 notice on August 28, 2014. On September 12, 2014, the court dismissed the PCRA petition and allowed counsel to withdraw. This Court affirmed the dismissal on October 20, 2015, and our Supreme Court denied Appellant's petition for allowance of appeal on April 20, 2016. **See Commonwealth v. Bass**, 134 A.3d 102 (Pa.Super. 2015), *appeal denied*, 635 Pa. 768, 138 A.3d 1 (2016).

On November 6, 2018, Appellant filed the current *pro se* PCRA petition. In the petition, Appellant claimed he qualified for the newly recognized constitutional right exception to the PCRA time-bar. Specifically, Appellant relied on **Carpenter v. U.S.**, ___U.S.___, 138 S.Ct. 2206, 201 L.Ed.2d 507 (2018), for the proposition that law enforcement improperly seized his cell phone records. The court issued Rule 907 notice on February 15, 2019. Appellant filed a *pro se* response on March 22, 2019. On May 2, 2019, the court dismissed the current PCRA petition as untimely filed.

On June 12, 2019, Appellant filed a *pro se* petition, requesting an extension of time for filing a notice of appeal. The court treated the petition as a request for PCRA relief and reinstated Appellant's appellate rights *nunc pro tunc* on June 27, 2019. That same day, Appellant timely filed *pro se*

notices of appeal *nunc pro tunc*.[2]  On July 1, 2019, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Appellant timely filed his *pro se* Rule 1925(b) statement on July 15, 2019.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  ***Commonwealth v. Zeigler***, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition, including second or subsequent petitions, must be filed within one year of the date the underlying judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must plead and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

---

[2] We note the Commonwealth charged Appellant with offenses at three separate docket numbers, and Appellant proceeded to a consolidated jury trial for all three criminal informations.  When Appellant filed the current PCRA petition, he included the three docket numbers in the caption.  Thereafter, Appellant filed separate notices of appeal *nunc pro tunc* at each docket. Although Appellant also filed separate appellate briefs with this Court, he raises identical issues in each brief.

- 4 -

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[3]

The newly recognized constitutional right exception has two requirements:

First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme C]ourt after the time provided in [Section 9545]. Second, it provides that the right "has been held" by "that [C]ourt" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that [C]ourt to apply retroactively. The language "has been held" is in the past tense. These words mean that the

_____

[3] Previously, the PCRA required that a petition invoking a timeliness exception be filed within sixty (60) days of the date the claim first could have been raised. *See Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780 (2000). As of December 24, 2018, PCRA petitions invoking timeliness exceptions must be filed within one year of the date the claim first could have been presented. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the instant PCRA petition on November 6, 2018, so the amendment applies to him.

> action has already occurred, *i.e.*, "that [C]ourt" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Ross*, 140 A.3d 55, 58 (Pa.Super. 2016), *appeal denied*, 641 Pa. 90, 165 A.3d 908 (2017) (quoting *Commonwealth v. Copenhefer*, 596 Pa. 104, 109-10, 941 A.2d 646, 649-50 (2007)).

Instantly, Appellant's judgment of sentence became final on or about February 12, 2012, ninety days after our Supreme Court denied Appellant's petition for allowance of appeal. *See* U.S.Sup.Ct.R. 13 (stating appellant must file petition for writ of *certiorari* with United States Supreme Court within ninety (90) days after entry of judgment by state court of last resort). Appellant timely filed a first PCRA petition on August 21, 2012, which the court dismissed on September 12, 2014.

Appellant filed the instant PCRA petition on November 6, 2018, and it is untimely on its face. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now argues he is entitled to PCRA relief, relying on *Carpenter* for the proposition that the "government's acquisition from wireless carriers of [Appellant's] historical cell-site location information [was] a search … and a 'truthful' warrant was generally required…." (Appellant's Brief at 4). Appellant insists *Carpenter* created a newly recognized constitutional right, and the PCRA court should

have conducted an evidentiary hearing to evaluate his claims on the merits.[4]

Appellant, however, has failed to prove an exception to the PCRA timeliness requirements. Even if *Carpenter* established a "new constitutional right," no subsequent cases from the United States or Pennsylvania Supreme Courts have held that *Carpenter* applies retroactively to cases on collateral review. *See Ross, supra*. Thus, Appellant's petition remains time-barred.[5] Accordingly, we affirm the order dismissing Appellant's current PCRA petition.

Order affirmed.

_____

[4] In addition to the arguments raised in his appellate brief, this Court granted Appellant's application to file a supplemental brief. (*See* Order, filed 4/8/20, at 1). In his supplemental brief, Appellant contends "governmental interference was established under 42 Pa.C.S.A. § 9545(b)(1)(i), where the PCRA court erroneously did not order [Appellant] to be provided with the full copy of trial transcripts before issuing" Rule 907 notice for Appellant's first PCRA petition. (Appellant's Supplemental Brief at 17). Here, Appellant did not raise his governmental interference argument in the current petition or in response to the issuance of Rule 907 notice. Under these circumstances, Appellant failed to preserve his claim regarding governmental interference. *See Commonwealth v. Colavita*, 606 Pa. 1, 28, 993 A.2d 874, 891 (2010) (reiterating principle that that appellate courts should not reach claims that were not raised in PCRA court).

[5] Appellant also asserts the PCRA court should have allowed him to amend the current PCRA petition. (*See* Appellant's Brief at 5-9). Because Appellant did not actually move for leave to amend in the PCRA court, he is not entitled to relief on his claim. *See Commonwealth v. Baumhammers*, 625 Pa. 354, 391, 92 A.3d 708, 730 (2014) (stating PCRA petitioners must seek and obtain leave to amend petitions, and amendments are not self-authorizing). Further, Appellant contends the PCRA court should have appointed counsel to assist with the filing of the current petition. Nevertheless, counsel need not be appointed under these circumstances. *See* Pa.R.Crim.P. 904(D) (requiring appointment of counsel to assist with second or subsequent petition only when petitioner establishes that evidentiary hearing is required).

J-S32021-20
J-S32022-20
J-S32023-20


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/20