J-S19035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER FRED MBEWE | : | |
| | : | |
| Appellant | : | No. 470 WDA 2020 |

Appeal from the PCRA Order Entered February 24, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000592-2006

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: JULY 8, 2021**

Christopher Fred Mbewe (Mbewe) appeals *pro se* from the Court of Common Pleas of Allegheny County's order (PCRA court) denying his petition for writ of *habeas corpus*, which it treated as a petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 6541-6546.  He maintains that because he claims Section 1102(a) of the Crimes Code[1] is void for vagueness, his claim for relief is not a cognizable PCRA claim pursuant to this

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 1102 of the Crimes Code provides, in pertinent part, that:  "a person who has been convicted of a murder of the first degree or of murder of a law enforcement officer of the first degree shall be sentenced to death or to a term of life imprisonment in accordance with 42 Pa.C.S. § 9711 (relating to sentencing procedure for murder of the first degree)."  18 Pa.C.S. § 1102(a)(1).

Court's holding in **Commonwealth v. Rouse**, 191 A.3d 1 (Pa. Super. 2018), making the PCRA time bars inapplicable. We affirm.

## I.

We take the following factual background and procedural history from our independent review of the record. On July 14, 2009, a jury convicted Mbewe of the First Degree Murder of his mother-in-law and on October 10, 2009, the court sentenced him to a term of life imprisonment without parole pursuant to 18 Pa.C.S. § 1102(a). A panel of this Court affirmed the judgment of sentence on October 26, 2011, and the Pennsylvania Supreme Court denied further review on October 5, 2012. (**See Commonwealth v. Mbewe**, 37 A.3d 1246 (Pa. Super. filed Oct. 26, 2011) (unpublished memorandum), *appeal denied*, 54 A.3d 348 (Pa. 2011)).

Mbewe filed three PCRA petitions between November 27, 2012, and September 8, 2017. The PCRA court denied the first petition on December 18, 2014. This court affirmed the denial and the Pennsylvania Supreme Court denied Mbewe's petition for allowance of appeal. (**See Commonwealth v. Mbewe**, 135 A.3d 661 (Pa. Super. filed Dec. 16, 2015) (unpublished memorandum), *appeal denied*, 136 A.3d 980 (Pa. 2016)). The PCRA court denied his second petition on May 2, 2017, and this Court affirmed the denial on March 3, 2018; further review was denied. (**See Commonwealth v. Mbewe**, 188 A.3d 525 (Pa. Super. Mar. 13, 2018) (unpublished

memorandum), *appeal denied*, 193 A.3d 2018)).  The PCRA court denied his third petition on October 23, 2018, and no appeal was filed.

On November 19, 2020, Mbewe filed a petition for writ of *habeas corpus* in which he argued that Section 1102(a) of the Crimes Code is unconstitutional under the void for vagueness doctrine[2] because it fails to provide fair notice that the penalty of life imprisonment is without parole.  The court treated the request for relief as a PCRA petition, issued Rule 907 notice of its intent to deny the petition, and formally denied it as untimely on February 24, 2020.  ***See*** Pa.R.Crim.P. 907(1).  This appeal followed.[3]

Mbewe raises one issue for this Court's review:

> Whether [the PCRA] court abused its discretion in dismissing [Mbewe]'s state *habeas corpus* petition alleging penal statute 18 Pa.C.S. Section 1102(a) is unconstitutional and void under the vagueness doctrine because the statute fails to give a person of ordinary intelligence fair notice that its true penalty is life imprisonment "without parole?"

(Mbewe's Brief, at 3).

_____

[2] The void for vagueness doctrine "prevents the government from imposing sanctions under a criminal law that fails to give fair notice of the proscribed conduct."  ***Commonwealth v. Herman***, 161 A.3d 194, 204 (Pa. 2017) (citation omitted).  A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute.  ***See Johnson v. United States***, 576 U.S. 591, 595 (2015).

[3] Mbewe's Rule 1925(b) statement was untimely, despite being granted filing extensions.  However, because the PCRA court's Rule 1925(a) opinion addresses the sole issue raised, we will overlook this procedural flaw and proceed to a review of the appeal's merits.  ***See Commonwealth v. Gaston***, 239 A.3d 135, 139 n.6 (Pa. Super. 2020).

## II.

## 1.

Before reaching the merits of Mbewe's issue, we first address the court's treatment of his filing as a PCRA petition.  It is well-settled that the PCRA is intended to be the sole means of obtaining post-conviction relief.  **See** 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]").  Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and a petitioner cannot circumvent its time-bar by titling his petition as a writ of *habeas corpus.* **See Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).  Generally, all motions filed after a judgment of sentence is final must be construed as a PCRA petition.  **See id.**

Mbewe posits, however, that his request for relief should have been treated as a petition for writ of *habeas corpus* because this Court held in **Rouse** that void for vagueness claims are not illegal sentence claims contemplated by the PCRA.  (**See** Mbewe's Brief, at 12-13); **see also Rouse**, **supra** at 7.  However, recently, in **Commonwealth v. Moore**, 247 A.3d 990 (Pa. 2021), the Pennsylvania Supreme Court expressly rejected **Rouse** and held that a claim that Section 1102(a) is void for vagueness because it fails to notify a defendant that he will be sentenced to life without the possibility of

parole **is** a cognizable PCRA illegality of sentence challenge that must comport with PCRA requirements, including timeliness. **See Moore**, **supra** at 997-98 (rejecting **Rouse** and affirming dismissal of *habeas corpus* petition raising Section 1102(a) void for vagueness claim as untimely PCRA petition).

Accordingly, the court properly treated Mbewe's request for relief as a PCRA petition and we must next consider its timeliness.

**2.**

"The timeliness of a PCRA petition is a jurisdictional requisite." **Commonwealth v. Shiloh**, 170 A.3d 553, 557 (Pa. Super. 2017) (citation omitted); **see also Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). A petitioner must file a PCRA petition within one year of the date the underlying judgment becomes final unless he pleads and proves a timeliness exception. **See** 42 Pa.C.S. § 9545(b)(1).

Mbewe's sentence became final on January 4, 2013, when his time for appealing our Supreme Court's denial of his request for permission to appeal expired, so his petition filed on November 19, 2020, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time

for seeking the review."). Accordingly, we cannot consider Mbewe's PCRA petition unless he pleads and proves one of the following limited exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Mbewe fails to raise any timeliness exception. (**See** Mbewe's Brief, at 7-14). Even if we were to liberally construe Mbewe's argument as an attempt to raise the constitutional right exception, it would fail because the concepts of due process and "void for vagueness" were not newly recognized after the imposition of Mbewe's judgment of sentence and held to apply retroactively. **See** 42 Pa.C.S. § 9545(b)(1)(iii); **see also Commonwealth v. Ross**, 140 A.3d 55, 58 (Pa. Super. 2016).

Consequently, because Mbewe has failed to plead and prove the applicability of any timeliness exception, the PCRA court lacked jurisdiction to

consider the merits of his petition and it was properly dismissed.[4, 5]  **See Moore**, **supra** at 998; **Shiloh**, **supra** at 557; **Fahy**, **supra** at 223.  Mbewe's claim does not merit relief and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/8/2021

_____

[4] Having concluded that we lack jurisdiction to consider the appeal's merits, we likewise need not consider whether Mbewe's issue was waived for his failure to raise it at sentencing or in a post-sentence motion.  (**See** Mbewe's Brief, at 13-14); **see also** 42 Pa.C.S. § 9544(b).

[5] Our reasoning differs from that of the PCRA court.  However, we are "not bound by the rationale of the trial court and may affirm on any basis" supported by the record.  **Commonwealth v. Martin**, 205 A.3d 1247, 1248 n.3 (Pa. Super. 2019) (citation omitted).