J-S27003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :             PENNSYLVANIA
                                         :

           v.                              :
                                         :

ANTHONY S. TWITTY                 :
                                         :

           Appellant              :    No. 3282 EDA 2016

Appeal from the PCRA Order October 6, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0303181-2003

BEFORE: SHOGAN, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY SHOGAN, J.:                  **FILED JULY 26, 2018**

Appellant, Anthony S. Twitty, appeals *pro se* from the order denying his
petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42
Pa.C.S. §§ 9541-9546. We affirm.

> On July 14, 2003, following a jury trial before the Honorable
> Renee Cardwell Hughes, [Appellant] was convicted of rape,
> involuntary deviate sexual intercourse, sexual assault,
> endangering the welfare of a minor, corrupting the morals of a
> minor, and various other related charges stemming from [events]
> commencing on or about December 22, 1991, and ending on or
> about February 2, 2007. On September 3, 2003, [Appellant] was
> sentenced to an aggregate term of forty-one (41) to eighty-two
> (82) years' incarceration.[2] [Appellant's] judgment of sentence
> was affirmed by the Superior Court on [May 25, 2005], and the
> Pennsylvania Supreme Court denied *allocatur* on December 28,
> 2005.[3]

> > [2] The trial court sentenced [Appellant] as follows: 10
> > to 20 years' incarceration for rape; 5 to 10 years'
> > incarceration for aggravated indecent assault; 10 to
> > 20 years' incarceration for unlawful contact with a
> > minor; 2 1/2 to 5 years' incarceration for corrupting

the morals of a minor; 10 to 20 years' incarceration for involuntary deviate sexual intercourse; and 3 1/2 years to 7 years' incarceration for endangering the welfare of a minor. The trial court directed the sentences be served consecutively.

[3] *Commonwealth v. Twitty*, 876 A.2d 433 (Pa. Super. 200[5]), *appeal denied*, 892 A.2d 823 (Pa. 2005).

On January 18, 2007, [Appellant] filed his first *pro se* PCRA petition. Sandjai Weaver, Esquire, was appointed and subsequently filed an amended petition. The PCRA court denied the petition without an evidentiary hearing on April 17, 2008. No appeal was taken as a result of communication problems between counsel and [Appellant]. On November 21, 2008, [Appellant] filed a subsequent PCRA petition requesting reinstatement of his appellate rights. On April 22, 2009, the PCRA court reinstated [Appellant's] right to file an appeal [from the dismissal of the first PCRA] *nunc pro tunc*. [Appellant] appealed, and the Superior Court affirmed the PCRA court's order denying relief on May 27, 2010.[4] The Pennsylvania Supreme Court denied *allocatur* on November 17, 2010.[5]

[4] *Commonwealth v. Twitty*, 4 A.3d 208 (Pa. Super. 2010) (unpublished memorandum).

[5] *Commonwealth v. Twitty*, 13 A.3d 478 (Pa. 2010) (unpublished memorandum).

On [September] 1, 2015, [Appellant] filed the instant *pro se* PCRA petition. In accordance with Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the lower court's intention to dismiss his petition on March 30, 2016. [Appellant] submitted a response to the Rule 907 notice on April 15, 2016, and submitted an amended petition on September 23, 2016. On October 6, 2016, the PCRA court dismissed his PCRA petition as untimely. On October 18, 2016,[6] the instant notice of appeal was timely filed to the Superior Court.[7]

[6] Although the docket states the notice of appeal was filed on October 17, 2016, the envelope bearing [Appellant's] notice of appeal was post-marked October 18, 2016. *See Commonwealth v. Little*,

- 2 -

> 716 A.2d 1287, 1288-89 (Pa. Super. 1998) (discussing prisoner mailbox rule).
>
> [7] The Honorable Leon W. Tucker issued the order and opinion in this matter in his capacity as Supervising Judge of the Criminal Section of the Court of Common Pleas of Philadelphia – Trial Division, as of March 7, 2016, as the trial judge is no longer sitting.

PCRA Court Opinion, 1/6/17, at 1-2. The PCRA court did not order a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issues for review, which we restate verbatim:

> #1 DID THE TRIAL COURT ERR IN DENYING APPELLANT THE RIGHT TO A FAIR TRIAL DUE TO HYPOTHETICAL JURY INSTRUCTIONS, AND WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL RELATED TO THE REASONABLE DOUBT INSTRUCTIONS. AND WHERE MANIFEST INJUSTICE HAS TAKEN PLACE?
>
> #2 WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL, AND WAS HE DENIED INDEPENDENT COUNSEL FOR THAT PURPOSE?
>
> #3 WAS APPELLANT DENIED HIS CONSTITUTIONAL RIGHT TO FACE HIS ACCUSER WHERE DEFENSE COUNSEL FAILED TO PRESENT FOR TRIAL THE TECHNICIAN WHO PERFORMED THE TESTING IN HIS CASE. AND WAS COUNSEL EFFECTIVE IN FAILING TO PRESENT FOR TRIAL THE TECHNICIAN WHO PERFORMED THE TESTING IN HIS CASE?
>
> #4 DID THE TRIAL COURT ABUSE ITS DISCRETION IN SENTENCING APPELLANT, WAS SENTENCE ILLEGAL, AND WAS COUNSEL INEFFECTIVE FOR FAILING TO PRESENT CHARACTER WITNESSES FOR SENTENCING OR AT TRIAL?
>
> #5 WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO PRESENT DEFENSE EXPERT, WHERE DNA EVIDENCE WAS QUESTIONABLE, THEREBY DENYING PRO-SE APPELLANT A CONSTITUTIONALLY FAIR TRIAL?

#6 DID APPELLANT SUFFER LAYERED INEFFECTIVE ASSISTANCE OF COUNSEL ON ALL ARGUMENTS AS RAISED HEREIN?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Ward-Green*, 141 A.3d 527, 532 (Pa. Super. 2016).  This is true despite the fact that Appellant's petition presents a challenge to the legality of his sentence.  *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa. Super. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

---

[1]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant's judgment of sentence became final on March 28, 2006, ninety days after the Pennsylvania Supreme Court denied *allocatur* and time expired for Appellant to file an appeal with the United States Supreme Court. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, Appellant had to file the current PCRA petition in this matter by March 28, 2007, in order for it to be timely.

Appellant filed the instant PCRA petition on September 1, 2015. Accordingly, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant argues in his first issue that he is eligible for relief pursuant to a time-bar exception under 42 Pa.C.S. § 9545(b)(1). Appellant maintains that pursuant to a recent federal decision, ***Brooks v. Gilmore***, 2017 WL 3475475 (E.D. Pa. 2017), the jury instructions regarding reasonable doubt issued at his trial resulted in a manifest injustice. Appellant's Brief at 7-8. Specifically, Appellant states that the jury instructions improperly elevated the level of doubt necessary to secure an acquittal. ***Id.*** at 8. Appellant asserts that ***Brooks*** was decided August 11, 2017, and Appellant filed his Supplemental

- 6 -

petition on this basis on September 4, 2017. *Id.* at 10. Therefore, Appellant contends, he met the requirements necessary to invoke an exception. *Id.* at 8, 10.

Despite this assertion, Appellant has failed to establish an exception to the time-bar. To the extent the **Brooks** holding could satisfy the new constitutional right exception under Section 9545(b)(1)(iii), it fails. To satisfy this exception to the time bar, Appellant must establish both that the case established a new constitutional right and that it applies retroactively. **Commonwealth v. Ross**, 140 A.3d 55, 58 (Pa. Super. 2016). In **Brooks**, the appellant had filed a writ for *habeas corpus*. **Brooks**, 2017 WL 3475475 at * 2. The district court concluded that the jury instruction for reasonable doubt, as explained to the jury through an emotionally charged hypothetical, improperly elevated the level of doubt necessary to secure an acquittal. *Id.* at 1. The **Brooks** holding did not announce a new constitutional right, nor did it hold that the decision should be applied retroactively. Furthermore, **Brooks** was a decision issued by a federal district court, not the Supreme Court of the United States or the Supreme Court of Pennsylvania. **See** 42 Pa.C.S. § 9545(b)(1)(iii) ("the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."). Thus, Appellant has failed to

satisfy the new constitutional right exception to the time-bar pursuant to 42 Pa.C.S. § 9545(b)(1)(iii).

Additionally, the **Brooks** decision cannot satisfy the newly-discovered fact exception under Section 9545(b)(1)(ii). Our Supreme Court has expressly rejected the notion that judicial decisions can be considered newly-discovered facts pursuant to Section 9545(b)(1)(ii). **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011). Thus, Appellant's reliance on **Brooks** does not satisfy the newly-discovered fact exception to the time-bar.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/26/18

- 8 -