J-S05036-19

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MORRIS A. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1197 WDA 2018 |

Appeal from the PCRA Order Entered July 11, 2018
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008406-1987

BEFORE: PANELLA, P.J., NICHOLS, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: FILED APRIL 11, 2019

Morris A. Williams (Appellant) pro se appeals from the July 11, 2018 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

> Appellant was convicted in this action of robbery after he and his co-defendant committed an armed robbery of Steven Davenport on July 5, 1987. Appellant was sentenced to seven and one-half to fifteen years imprisonment [to be served consecutively to other sentences he was currently serving], and we affirmed [his judgment of sentence] on December 19, 1988. Commonwealth v. Williams, 555 A.2d 944 (Pa. Super. [1988]). The next docket entry appears on October 8, 2015, when Appellant filed his first PCRA petition pro se. In that petition, Appellant reported that he did not have counsel, was indigent, and wanted a lawyer appointed to represent him. Appellant's PCRA petition was dismissed as untimely[-filed].

Commonwealth v. Williams, 160 A.3d 253 (Pa. Super. 2017) (unpublished memorandum at 1) (footnote omitted).

*Retired Senior Judge assigned to the Superior Court.

Appellant filed a notice of appeal to this Court, and on appeal we concluded that because this was Appellant's first PCRA petition, he was entitled to appointed counsel. Accordingly, we vacated the order dismissing Appellant's PCRA petition and remanded to the PCRA court for appointment of counsel. Id. at 2.

On May 9, 2017, the PCRA court appointed Marco Attissano, Esquire, as counsel for Appellant. On March 29, 2018, Attorney Attissano filed a petition to withdraw and no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). On April 2, 2018, the PCRA court granted counsel's petition to withdraw and issued notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not respond to that notice, and on July 11, 2018, the PCRA court dismissed Appellant's petition. Appellant timely filed a notice of appeal.[1]

Before we reach the issue set forth on appeal by Appellant, we must address the timeliness of the PCRA petition. "Pennsylvania law makes it clear

_____

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The PCRA court did not file an opinion, but set forth in its Pa.R.Crim.P. 907 notice that it agreed with the assessment set forth by Attorney Attissano. See Notice of Intention to Dismiss, 4/2/2018, at ¶ 3. We point out that this Court has specifically condemned the practice of a PCRA court adopting a Turner/Finley brief as its rationale for dismissing a PCRA petition. Commonwealth v. Glover, 738 A.2d 460 (Pa. Super. 1999). However, because we conclude infra that Appellant's PCRA petition is untimely, we need not remand on that basis.

- 2 -

that no court has jurisdiction to hear an untimely PCRA petition." Commonwealth v. Ross, 140 A.3d 55, 57 (Pa. Super. 2016). "The question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review [is] plenary." Commonwealth v. Brown, 141 A.3d 491, 499 (Pa. Super. 2016).

Instantly, this Court affirmed Appellant's judgment of sentence on December 19, 1988, and Appellant did not file a petition for allowance of appeal to our Supreme Court. Thus, his judgment of sentence became final on January 18, 1989.[2] Because Appellant's judgment of sentence became final prior to November 17, 1995, he had until January 16, 1997,[3] to file a timely PCRA petition. This petition, filed on October 8, 2015, is facially untimely. It is Appellant's position that he has obtained "newly discovered facts" related to his convictions at other docket numbers.[4] See Appellant's Brief at 5, 7, 9-10. Arguably, Appellant attempts to prove the following

_____

[2] See Pa.R.A.P. 1113 ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court [.]").

[3] See Commonwealth v. Baldwin, 789 A.2d 728, 730 (Pa. Super. 2001) ("Because Baldwin's judgment of sentence became final before the 1996 effective date of amendments to the PCRA, he had until January 16, 1997 to file a timely first petition for PCRA relief.").

[4] Appellant was charged at three separate cases in 1987. The two other cases were tried together.

- 3 -

timeliness exception: "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii).

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

Commonwealth v. Monaco, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). "Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." Commonwealth v. Brown, 111 A.3d 171, 176 (Pa. Super. 2015) (internal quotation marks omitted). Furthermore, Appellant had to file his petition within sixty days "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[5]

Here, to the extent we can discern Appellant's argument, it appears he is claiming that his review of sentencing transcripts he received on October 1, 2015, which were related to a first PCRA petition at one of his other 1987

_____

[5] This statute was amended, effective December 24, 2018, and provided that claims arising after December 24, 2017, were permitted to be filed within one year, rather than 60 days, of the date the claim could have been presented. Appellant filed his PCRA petition on October 8, 2015, which was prior to the effective date of the amendment.

robbery cases, reveals an incorrect reference to this robbery case. See Appellant's Brief at 10. Even if this reference were somehow a newly-discovered fact, Appellant has not explained why it took him until 2015 to discover an incorrect reference at a sentencing hearing where he would have been present.[6] Accordingly, we conclude that Appellant has not satisfied the newly-discovered fact exception. Thus, the PCRA court properly dismissed Appellant's PCRA petition for being time-barred.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2019

_____

[6] In addition to the aforementioned fact, Appellant attempts to assert other errors related to his arraignment and arrest in this case. Appellant's Brief at 12. He also rambles on in an incoherent fashion about other unrelated matters. Id. at 13-16. These arguments do not establish an exception to the timeliness requirements.

- 5 -