J-S63034-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TYREE A. LAWSON | : | |
| | : | |
| Appellant | : | No. 2543 EDA 2018 |

Appeal from the Order Entered July 30, 2018
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000542-2009

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:        **FILED JANUARY 10, 2020**

Tyree A. Lawson (Appellant) *pro se* appeals from the July 30, 2018 order, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the order of the PCRA court, and remand this case to consider the legality of Appellant's sentence.

> By way of a brief history, [Appellant] was convicted on March 9, 2011[,] of burglary, two counts of conspiracy, and three counts of robbery – inflicting serious bodily injury.[1]  On June 1, 2011, [Appellant] was sentenced to a term of 19 to 60 years' imprisonment.  His judgment of sentence was affirmed on appeal to the Pennsylvania Superior Court on August 7, 2012,

---

[1] These convictions stemmed from charges filed due to Appellant's participation in a "vicious home invasion robbery or attempted robbery" that occurred on June 12, 2006. N.T., 6/1/2011, at 30.

[*] Retired Senior Judge assigned to the Superior Court.

and the Pennsylvania Supreme Court denied allowance of appeal on January 18, 2013. [**Commonwealth v. Lawson**, 60 A.3d 559 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 62 A.3d 379 (Pa. 2013).]

[Appellant] filed his first *pro se* PCRA petition on June 18, 2013. Counsel was appointed and later wrote a no-merit letter. After a pre-dismissal notice was issued, a final order of dismissal was issued on October 7, 2013. [This Court affirmed the order denying this petition on September 19, 2014. **Commonwealth v. Lawson**, 107 A.3d 231 (Pa. Super. 2014) (unpublished memorandum).] Since that time, [Appellant] has filed a series of PCRA petitions, all of which have been denied.

On June 19, 2018, Appellant filed his most current PCRA petition at issue in this appeal. Therein he asserted that because a previous unrelated 2009 [federal] attempted murder conviction [(Federal Conviction)] was later vacated and *nolle prossed* in 2018, the information th[e trial court] had at the time of his 2011 sentencing hearing was incorrect and caused hi[m] to be sentenced to a harsher sentence than would have happened otherwise.

PCRA Court Opinion, 11/15/2018, at 1-2.

On July 16, 2018, the PCRA court issued notice of its intent to dismiss Appellant's petition. The PCRA court concluded that despite the facial untimeliness of the petition, Appellant indeed established newly-discovered facts pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) (providing that PCRA petitions must be filed "within one year of the date the judgment [of sentence] becomes final, unless the petition alleges and the petitioner proves that […] the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"), and therefore the petition was timely. However, the PCRA court concluded that Appellant was not entitled to relief. Order, 7/13/2018.

- 2 -

Appellant filed a response on July 23, 2018.[2] On July 30, 2018, the PCRA court dismissed Appellant's petition. "Due to an error, a second final order was issued [by the PCRA court] on August 13, 2018." PCRA Court Opinion, 11/15/2018, at 2 n.1. On August 30, 2018, Appellant filed a notice of appeal to this Court.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents numerous issues for our review.[4] **See** Appellant's Brief at 4. However, before we reach the issues set forth on appeal by Appellant, we must address the timeliness of the PCRA petition. "Pennsylvania law makes it clear that no court has jurisdiction to hear an

_____

[2] This document is not in the certified record; however, that does not affect our disposition.

[3] According to Appellant, the notice of appeal was from both the July 30, 2018 and August 13, 2018 orders. To the extent this notice of appeal was filed from the July 30, 2018 order, the notice was arguably filed late. **See** Pa.R.A.P. 903(a) (providing a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Here, the order was entered on July 30, 2018, and a notice of appeal was due on August 29, 2018. The notice of appeal was filed one day late on August 30, 2018. However, because Appellant is incarcerated, he is entitled to the benefit of the prisoner-mailbox rule, which provides that the date of filing is the date the prisoner provided the notice of appeal to prison authorities. **See Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997) and **Smith v. Pennsylvania Bd. of Probation and Parole**, 683 A.2d 278 (Pa. 1996). Here, Appellant dated his notice of appeal August 28, 2018, and presumably provided it to prison authorities that day, such that it arrived and was docketed by the clerk of courts on August 30, 2018. Accordingly, we conclude that Appellant's appeal from both orders was timely filed.

[4] We note with disapproval that the Commonwealth has not filed a brief in this appeal.

untimely PCRA petition." ***Commonwealth v. Ross***, 140 A.3d 55, 57 (Pa. Super. 2016). "The question of whether a [PCRA] petition is timely [filed] raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary." ***Commonwealth v. Brown***, 141 A.3d 491, 499 (Pa. Super. 2016).

Instantly, Appellant conceded that his petition was filed untimely, and he attempted to plead and prove the newly-discovered facts exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii).[5]  Here, it was Appellant's position that one factor that was considered in his 2011 sentencing hearing in the instant case was the Federal Conviction.  According to Appellant, the Federal Conviction was overturned on March 15, 2018. ***See*** PCRA Petition, 6/18/2018, at ¶ 6.  Thus, Appellant argued in his PCRA petition that he satisfied the newly-discovered facts exception because this fact was

---

[5]

> The timeliness exception set forth in [subs]ection 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).  Furthermore, Appellant had to file his petition within one year "of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

unknown to him prior to March 2018 and could not have been discovered sooner.

Upon review, we agree with the PCRA court that Appellant established the applicability of the newly-discovered facts timeliness exception. *See* PCRA Court Opinion, 11/15/2018, at 5. Appellant could not have learned that the Federal Conviction was overturned prior to March 15, 2018, and he filed his PCRA petition shortly thereafter.

Nevertheless, the PCRA court, citing 42 Pa.C.S. § 9543(a)(2)(vi), went on to conclude that Appellant was not entitled to relief because the overturning of the Federal Conviction did not satisfy the test for a claim of after-discovered evidence. PCRA Court Opinion, 11/15/2018, at 6. That subsection provides for PCRA relief in cases where a petitioner establishes the "unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi).

It is Appellant's position on appeal[6] that he is entitled to a new sentencing hearing because the trial court utilized the now-overturned Federal Conviction to support its conclusion that Appellant was a violent

---

[6] In his PCRA petition, Appellant invoked the after-discovered evidence subsection, as well as other subsections of the PCRA, including subsections providing relief for violations of Appellant's constitutional rights and for his sentence being greater than the lawful maximum. *See* PCRA Petition, 6/19/2018, at ¶¶ 14-16. However, on appeal, Appellant limits his argument to the after-discovered evidence subsection.

criminal, and enhanced his sentence accordingly.[7] *See* N.T., 6/1/2011, at 38 (sentencing court explaining that Appellant's criminal history includes "serious crimes of violence"). In other words, Appellant is arguing that the outcome of his sentencing hearing would have been different.

Our review of the case law reveals no instance where either this Court or our Supreme Court has applied the after-discovered evidence subsection of the PCRA to sentencing hearings. In fact, the language of the statute itself appears to preclude this application, referring to "exculpatory evidence" which was unavailable "at the time of trial … and would have changed the outcome of trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). Sentencing hearings are not trials, and one cannot be exculpated at a sentencing hearing. Thus, we conclude that the PCRA court

---

[7] Our review of the sentencing transcript in the instant matter reveals that Appellant successfully argued at sentencing that the Federal Conviction, which resulted from an incident where Appellant attacked U.S. Marshalls while resisting their arresting him, should not be calculated as part of his prior record score in this case because the conviction occurred after the commission of the crime for which Appellant was being sentenced. N.T., 6/1/2011, at 14. The Commonwealth agreed with Appellant's position and changed Appellant's prior record score accordingly. *Id*. at 15. Thus, the record is clear that the subsequent *vacatur* of the attempted murder conviction did not affect Appellant's prior record score. However, the trial court was made aware, through the pre-sentence investigation report, of Appellant's numerous prior crimes and arrests, including the resisting arrest incident that led to the Federal Conviction.

did not err in denying relief on the basis that Appellant failed to satisfy the standard for after-discovered evidence.[8]

We now consider the legality of Appellant's sentence in light of the reversal of the Federal Conviction. Although Appellant did not raise this issue on appeal, issues concerning the legality of a sentence may be raised by this Court *sua sponte* so long as we have jurisdiction. **See Commonwealth v. Randal**, 837 A.2d 1211 (Pa. Super. 2003). Where a petitioner has satisfied a timeliness exception to the PCRA, as has occurred in this case, we have jurisdiction to address a claim regarding the legality of Appellant's sentence. **See Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018).

The statute governing credit for time served provides that "[i]f the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based." 42 Pa.C.S. § 9760(3). Thus, to the extent Appellant was serving prison time for the Federal Conviction at

---

[8] To the extent Appellant is arguing that the PCRA court should consider Appellant's newly-discovered fact in deciding to reduce his sentence, such a claim clearly implicates the discretionary aspects of Appellant's sentence. Issues concerning the discretionary aspects of a sentence, other than those couched as the ineffective assistance of counsel, are not cognizable under the PCRA. **See Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003).

the same time he was serving prison time for the instant case, he may be entitled to credit for time served.[9] However, the record before this Court is inadequate for us to make that determination. Accordingly, we remand this case to the PCRA court to consider this issue.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/10/20

_____

[9] "A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence." **Commonwealth v. Gibbs**, 181 A.3d 1165, 1166 (Pa. Super. 2018).