J-S08010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MATTHEW ALLEN LAWTON :
:
Appellant : No. 770 WDA 2019

Appeal from the PCRA Order Entered April 25, 2019
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000187-2010

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 27, 2020**

Appellant, Matthew Allen Lawton, appeals *pro se* from the order entered April 25, 2019, denying Appellant's *pro se* second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record demonstrates that on September 10, 2012, a jury convicted Appellant of rape of a child (4 counts), involuntary deviate sexual intercourse with a child (4 counts), aggravated indecent assault of a child (4 counts), indecent assault of a person less than 13 years of age (13 counts), and corruption of minors (2 counts) in connection with his sexual assault of a 10-year-old child.[1]  On September 10, 2012, the trial court sentenced

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3125(b), 3126(a)(7), and 6301(a)(1), respectively.

Appellant to an aggregate 20 to 40 years' incarceration.[2] This Court affirmed Appellant's judgment of sentence on February 21, 2014. ***Commonwealth v. Lawton***, 97 A.3d 810 (Pa. Super. 2014) (unpublished memorandum). Our Supreme Court denied *allocatur* on August 26, 2014. ***Commonwealth v. Lawton***, 99 A.3d 76 (Pa. 2014). Appellant did not seek a writ of *certiorari* from the Supreme Court of the United States.

On February 15, 2015, Appellant filed *pro se* his first PCRA petition asserting claims of ineffectiveness of trial counsel. The PCRA court appointed Jarett R. Smith, Esq. ("Attorney Smith") to represent Appellant. Attorney Smith filed an amended PCRA petition on May 29, 2015. After a hearing on the matter, the PCRA court denied Appellant's PCRA petition. This Court subsequently affirmed the denial of Appellant's first PCRA petition. ***Commonwealth v. Lawton***, 159 A.3d 37 (Pa. Super. 2016) (unpublished memorandum). Our Supreme Court denied *allocatur* on January 9, 2018. ***Commonwealth v. Lawton***, 178 A.3d 734 (Pa. 2018).

On February 1, 2018, Appellant filed *pro se* his second PCRA petition asserting claims of ineffectiveness of PCRA counsel. The PCRA court provided notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss the PCRA petition without an evidentiary hearing because the PCRA petition was untimely and Appellant failed to invoke any of the exceptions to the PCRA jurisdictional time-bar. Appellant filed *pro se* a response to the PCRA court's notice of intent

---

[2] Order of Sentence, 9/11/12.

to dismiss his PCRA petition. The PCRA court appointed Daniel A. Stefanides, Esq. ("Attorney Stefanides") to represent Appellant on his second PCRA petition. On March 14, 2019, Attorney Stefanides filed a motion to withdraw and a **Turner**/**Finley**[3] no merit letter concluding that Appellant's claims were without merit. On March 19, 2019, the PCRA court provided a Rule 907 notice of its intent to dismiss Appellant's second PCRA petition within 20 days without an evidentiary hearing. On April 9, 2019, Appellant filed *pro se* a response to Attorney Stefanides' **Turner**/**Finley** no merit letter. On April 25, 2019, the PCRA court denied Appellant's second PCRA petition as untimely and failing to invoke an exception to the PCRA jurisdictional time-bar. The PCRA court also granted Attorney Stefanides' motion to withdraw. This appeal followed.[4]

Appellant raises the following issues for our review:

1) Did []Appellant's first PCRA [c]ounsel[, Attorney Smith,] knowingly [commit] ineffective [assistance] of counsel?

2) Did []Appellant's [f]irst PCRA [c]ounsel[, Attorney Smith,] knowingly violate the [equal] [r]ights [a]ct?[5]

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. In lieu of filing a Rule 1925(a) opinion, the PCRA court relied on its April 25, 2019 order and Attorney Stefanides' **Turner**/**Finley** no merit letter as setting forth the reasons for dismissing Appellant's PCRA petition.

[5] A review of Appellant's *pro se* brief demonstrates that Appellant's claim is based upon an alleged violation of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213.

3) Did the [PCRA c]ourt know of the above acts?

4) Did []Appellant's first PCRA [c]ounsel fail to act in the best [interest] of his [client] by failing to argue [an u]nconstitutional [m]andatory [m]inimum[ sentence claim], and lied to his [client] about it?

Appellant's Brief at 2.

In order to be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of when an appellant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Our Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. **Commonwealth v. Wharton**, 886 A.2d 1120, 1124 (Pa. 2005); **see also Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (holding courts do not have jurisdiction over untimely PCRA petition).

Here, the trial court sentenced appellant on September 10, 2012. This Court affirmed the judgment of sentence on February 21, 2014. Our Supreme Court denied review on August 26, 2014. Appellant did not seek discretionary review with the Supreme Court of the United States. Consequently,

Appellant's judgment of sentence became final on November 24, 2014, 90 days after the expiration of the time for seeking discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review"); **see also** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's second PCRA petition filed on February 1, 2018, more than three years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[6] 42

_____

[6] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from sixty days

Pa.C.S.A. § 9545(b)(2). If appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. *Spotz*, 171 A.3d at 676.

A review of Appellant's brief demonstrates that Appellant is attempting to assert the after-recognized constitutional right exception to the jurisdictional time-bar under Section 9545(b)(1)(iii). Appellant's Brief at 13-15. Appellant argues that his sentence was illegal under the United States Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) and that the *Alleyne* decision applied to PCRA petitioners whose sentences were not final when the decision was rendered. Appellant's Brief at 14-15, *citing Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018).

In order to invoke the exception under Section 9545(b)(1)(iii), the petitioner must demonstrate that the right asserted is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). The Supreme Court of the United States "rendered the *Alleyne* decision on June 17, 2013, and held that sentencing schemes which predicated the imposition of a mandatory minimum sentence on a fact found

---

to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment; arising December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his second PCRA petition on February 1, 2018, this amendment applies.

by the sentencing court, by a preponderance of the evidence, were unconstitutional." *DiMatteo*, 177 A.3d at 185.

> [A]n issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon *Alleyne* likewise implicates the legality of the sentence and cannot be waived on appeal"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 [n.8] (Pa. Super. 2011) (stating, "a challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction") (citation omitted).

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (ellipsis and original brackets omitted). The decision in *Alleyne* "sets forth a new rule of constitutional law" that does **not** apply retroactively to cases on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 818, 820 (Pa. 2016).

In cases where the *Alleyne* decision was rendered before the judgment of sentence became final, *Alleyne's* application would not be retroactive and the legality of the sentence could be reviewed if the PCRA petition is timely. *DiMatteo*, 177 A.3d at 192 (reasoning that "if the judgment of sentence was not final [at the time when the *Alleyne* decision was rendered], then [the *Alleyne* decision's] application is not truly 'retroactive'"). "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar

exception applies, thus depriving the court of jurisdiction over the claim." ***Miller***, 102 A.3d at 996 (original quotation marks and ellipses omitted), *citing* ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014). "[A] claim of ineffective assistance of counsel does not save an otherwise untimely [PCRA] petition for review on the merits" ***Commonwealth v. Ross***, 140 A.3d 55, 60 n.4 (Pa. Super. 2016), *citing* ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999), (original quotation marks omitted), *appeal denied*, 165 A.3d 908 (Pa. 2017).

Here, Appellant's judgment of sentence did not become final until after the decision in ***Alleyne***. Therefore, the application of the ***Alleyne*** decision in the case *sub judice* would not be viewed as being retroactively applied. However, we may only review the merits of Appellant's illegal sentence claim in a timely PCRA petition or an untimely PCRA petition properly invoking one of the three narrow statutory exceptions to the one-year time-bar under Section 9545(b)(1).

The decision in ***Alleyne***, although recognizing a new rule of constitutional law, does not provide an exception to the PCRA jurisdiction time-bar under Section 9545(b)(1)(iii) because the new rule of constitutional law was not declared to apply retroactively. Therefore, the decision in ***Alleyne*** did not announce an after-recognized constitutional right within the meaning of Section 9545(b)(1)(iii). Furthermore, raising a challenge to the legality of Appellant's sentence under ***Alleyne*** within a claim of ineffective assistance of PCRA counsel in an patently untimely PCRA petition does not

invoke an exception to the PCRA jurisdiction time-bar under Section 9545(b)(1)(iii). Therefore, the PCRA court properly dismissed Appellant's PCRA petition as untimely and without exception.

Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2020